UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AMERICAN HONDA MOTOR CO., INC., a
foreign corporation,

          Plaintiff,

v.                                                Case No. 5:04-cv-12-Oc-10GRJ

MOTORCYCLE INFORMATION NETWORK,
INC., a Florida corporation, GREGORY S.
SCHWEIGHART,

          Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is American Honda's Motion For An Award of Reasonable Attorneys' Fees And Related Non-Taxable Expenses Against Defendants Motorcycle Information Network, Inc. And Gregory Schweighart. (Doc. 122.) Defendants Motorcycle Information Network, Inc. ("MINI") and Gregory Schweighart ("Schweighart") have failed to file responses to American Honda's Motion for Attorneys' Fees and Non-Taxable Expenses, despite the Court having granted them sufficient time,[2] and thus the motion is ripe for decision. For the reasons discussed below,

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] On August 18, 2006 the Court granted the Defendants twenty additional days to file a response to the instant motion. (Doc. 138.) The Court expressly advised that it would take the motion under advisement in the event no response was filed. Since the date of that order no attorney has appeared on behalf of MINI and the individual Defendant Schweighart, who is now proceeding *pro se*, after the Court permitted counsel to withdraw (Doc. 154 ) has not filed any response to American Honda's motion.

American Honda's Motion for Attorneys' Fees and Non-Taxable Expenses is due to be **GRANTED**.

## I. BACKGROUND AND FACTS

On January 9, 2004, Plaintiff, American Honda, filed a complaint for declaratory judgment in response to a demand letter sent by Schweighart.[3] (Doc. 1). In the demand letter, Schweighart claimed that American Honda had stolen and used certain vehicle navigation technology (the "VNSS System") allegedly belonging to Schweighart, and attached a draft of a complaint threatening to sue American Honda. (Doc. 13, Ex. A.)

On May 10, 2004, Defendants filed a compulsory counterclaim against American Honda alleging theft of trade secrets, breach of confidential relationship, unjust enrichment, negligent misrepresentation, fraud and violation of the Florida Deceptive and Unfair Trade Practices Act, all relating to the alleged stolen VNSS System technology. (Doc. 19.) Thereafter, on December 3, 2004, Defendants filed amended counterclaims alleging theft of trade secrets, violation of the Florida Deceptive and Unfair Trade Practices Act, breach of oral confidentiality agreement, breach of contract implied in law/quasi contract, fraud, negligent misrepresentation and constructive fraud. (Doc. 50.)

On May 10, 2005, the Court dismissed Count IV and Count VII of Defendants' amended counterclaim for Breach of Contract implied in Law/Quasi Contract and Constructive Fraud, respectively. (Doc. 64.) After failing to disclose experts on June 1, 2005 (as required by the February 24, 2005 Stipulated Order), on June 21, 2005

---

[3] Schweighart is the principal of MINI. Declaration of Gregory Schweighart, Doc. 66-3, Ex. B.

Defendants voluntarily dismissed with prejudice its claim for Theft of Trade Secrets in Count I of the Counterclaim. (Doc. 65). Finally, on October 13, 2005, the Court issued a Report and Recommendation ("R&R") finding that summary judgment was due to be entered in favor of American Honda on the remaining counts for deceptive and unfair trade practices, breach of oral confidentiality agreement, fraud and negligent misrepresentation. (Doc. 106.) The Court's Order dated December 7, 2005, adopted the R&R, in its entirety (Doc. 115), and the Clerk entered final judgment in favor of American Honda and against Defendants on all claims on April 21, 2006. (Doc. 118.)

American Honda requests attorney's fees in the total sum of $573,517.26 plus related non-taxable expenses to be paid jointly and severally by MINI and Schweighart.

## II. DISCUSSION

American Honda bases its request for attorney's fees upon sections 501.2105(1) and 688.005 of the Florida Statutes and this Court's inherent power and authority. The Court will address each of these bases for attorney's fees and related non-taxable costs in turn.

### A. Attorneys' Fees Pursuant to Fla. Stat. § 501.2105(1)

Section 501.2105 of the Florida Statutes provides that the prevailing party in civil litigation involving Florida's Deceptive and Unfair Trade Practices ("FDUPTA") may receive reasonable attorney's fees and costs from the non-prevailing party.[4] The

---

[4] The statute requires that the prevailing party request such fees and costs at the close of judgment in the trial court *and* exhaustion of all appeals. Fla. Stat. § 501.2105 (1) (2006). Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the time for preserving an appeal in this case - 30 days after judgment - has passed.

standard under this fee-shifting provision of FDUPTA is discretionary.[5] The prevailing party is required to submit a sworn affidavit of the time spent and the costs incurred for all motions, hearings and appeals in the case.[6]

Although American Honda initiated the action by filing the complaint for declaratory judgment, it was the Defendants who injected the FDUPTA issues into the litigation by sending American Honda a demand letter and draft complaint, which prompted the filing of the action. Furthermore, Defendants included a claim against American Honda under FDUPTA, in every version of Defendants' counterclaim, filed in this case.[7] In fact, the FDUPTA claims remained in this case until the Court entered its Order adopting the Report and Recommendation. (Doc. 115.) Thus, throughout the entire litigation American Honda has been forced to defend claims by Defendants which were premised upon FDUPTA.

---

[5] MGB Homes, Inc. v. Ameron Homes, Inc., 30 F.3d 113, 115 (11th Cir. 1994) ("Under DTPA, only the trial court has the authority to determine the entitlement to and the amount of attorney's fees and costs for both the trial and appellate levels").

[6] American Honda submitted affidavits and billing records supporting the attorney's fees and costs incurred throughout the litigation. Doc. 127, Attachment #1, Affidavit of Russel W. LaPeer; Attachment #2, Affidavit of Hal K. Litchford As To Attorneys' Fees And Additional Litigation Expenses; Exhibits A-1, A-2, A-3, A-4 and A-5.

[7] Defendants' Answer To Complaint For Declaratory Judgment, Counterclaim, and Third-Party Claim, Doc.19, pp. 20-26; First Amended Counterclaim, Doc. 50, pp. 15-18 and 21-26; Report and Recommendation, Doc. 106, pp. 10-11.

Under Fla. Stat. 501.2105, a defendant who prevails on FDUPTA claims brought against it is entitled to recover fees as a prevailing party.[8] The fees sought may reflect the time spent on "on the case" rather than allocation to a particular FDUPTA count.[9]

American Honda incurred fees and costs from the commencement of the action through the conclusion of the lawsuit in defending the FDUPTA allegations and related claims brought by the Defendants. Thus, as the prevailing party, American Honda is entitled to an award of its reasonable attorney's fees and costs under FDUPTA.

***B.      Attorneys' Fees Pursuant to Fla. Stat. § 688.005 and
             the Court's Inherent Powers***

Pursuant to Florida's Uniform Trade Secrets Act (FUTSA), Fla Stat. § 688.005, "[i]f a claim of misappropriation is made in bad faith...the court *may* award reasonable attorney's fees to the prevailing party." Additionally, the Supreme Court has held that if the Court finds the behavior of a party is tantamount to bad faith a court may use its inherent powers to tax counsel fees against litigants who abuse the judicial process.[10] However, because American Honda is entitled to an award of attorney's fees under Fla. Stat. 501.2105(1), the Court need not evaluate whether American Honda is also entitled

---

[8] Big Tomato v. Tasty Concepts, Inc., 972 F. Supp. 662, 664 (S.D. Fla. 1997) (defendant who prevailed on motion to dismiss based on lack of standing is "prevailing party" for purposes of award of attorney's fees pursuant to FDUPTA)(*citing* M.G.B. Hones, 30 F.3d at 115); Smith v. Bilgin, 534 So. 2d 852, 854 (Fla. Dist. Ct. App. 1988) (defendant was entitled to fees under section 501.2105 even though plaintiff's claim was improperly brought under the act).

[9] Bilgin, 534 So. 2d at 854.

[10] Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980) (*quoting* Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 257 (1975)).

to attorney's fees under FUTSA or based or generally based upon Defendants' alleged bad faith conduct.

## *C. Calculation of Attorney's Fee Award*

The Eleventh Circuit has adopted the lodestar method to determine a reasonable attorneys' fee.[11] To establish a lodestar amount, the a court must ascertain a reasonable hourly rate and then multiply that figure by the number of hours an attorney reasonably expended on the litigation.[12] The party requesting the fees bears the burden of documenting the reasonable hours expended and the reasonable hourly rates.[13]

**Reasonable Hourly Rates**

In calculating a lodestar amount, the Court must first determine whether the hourly rates sought are reasonable."A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[14] "The fee applicant's customary billing rate for his hourly fee-paying clients 'ordinarily is the best evidence of his market rate.'"[15] The Court is itself considered an expert and can make an informed judgment as to the

---

[11] Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

[12] *Id.* at 1299-1302.

[13] ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

[14] Norman, 836 F.2d at 1299.

[15] U.S. ex rel. Educational Career Development, Inc. v. Central Florida Regional Workforce Development Board, Inc., 2007 WL 1601747, *5 (M.D. Fla. June 1, 2007) (*quoting* Lambert v. Fulton Co., 151 F.Supp.2d 1364, 1373 (N.D. Ga. 2000)).

proper award of fees even without the benefit of outside testimony.[16] The most important factor to consider is the result obtained.[17]

Throughout this litigation, American Honda was represented by the firm of Litchford & Christopher Professional Association. Partners Donald E. Christopher,[18] Hal K. Litchford,[19] David G. Lerner,[20] and Associates Paul R. DeHart,[21] Hutch K. Hicken,[22] Jason W. Hill,[23] Christine M. Ho[24] and Richard C. Swank[25] provided the representation

---

[16] *Id*. at 1303; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

[17] Hensley v. Eckerhart, 461 U.S. 424, 435-37 (1983).

[18] Christopher was admitted to the Virginia Bar in 1977 and to the Florida Bar in 1978. He is rated AV by Martindale-Hubbel and graduated from University of Virginia in 1977. His hourly rate during the instant case was $195 which increased to $325 in June of 2005. He has extensive experience as a trial attorney, including working as an Assistant US Attorney, as a Special Assistant US Attorney, and as a faculty member for Kessler-Eldson Trial Techniques Program. Doc. 127, Errata B.

[19] Litchford was admitted to the District of Columbia Bar in 1978 and to the Florida Bar in 1980. He is rated AV by Martindale-Hubbel and graduated from University of Virginia in 1978. His hourly rate during the instant case was $275 which increased to $325 in June of 2005. He has practiced extensively in antitrust, business and intellectual property law. *Id*.

[20] Lerner was admitted to the Texas Bar in 1985 and to the Florida Bar in 1978. He graduated from Wake Forest University in 1985 and served as the Notes and Comments Editor on the Law Review. His hourly rate during the instant case was $215 which increased to $250 in June of 2005. His primary practices of law include business and commercial litigation, employment law and public accommodations law. *Id*.

[21] DeHart graduated from the University of Florida College of Law *with honors* in 2001 and was admitted to the Florida Bar in 2001. His hourly rate during the instant case was $100 which increased to $150 in June of 2005. He practices commercial litigation, intellectual property law and association law. *Id*.

[22] Hicken graduated from William & Mary School of Law in 2005 and was admitted to the Florida Bar in 2005. His hourly rate during the instant case was $100 per hour. *Id*.

[23] Hill graduated from William & Mary School of Law in 2004 and was admitted to the Florida Bar in 2004. His hourly rate during the instant case was $115 per hour. *Id*.

[24] Ho graduated from William & Mary School of Law in 2004 and was admitted to the Florida Bar in 2004. Her hourly rate during the instant case was $115 per hour. *Id*.

[25] Swank graduated from Florida State University, *magna cum laude* in 1999. He served as the Articles Editor of the Law Review and was admitted to the Florida Bar in 1999. His hourly rate for the case was $190 per hour. His practice areas include litigation, intellectual property and appellate work. *Id*.

for the firm, assisted by paralegals Natalie D. Buckner, Keith M. Latek, Cynthia M. Marsh and Mark K. McCulloch. American Honda seeks an award of fees at an hourly rate in the range of $195-325 for partners, $100-190 for associates, and $85 for paralegals.[26]

As evidenced by the affidavit of Russel W. LaPeer, an attorney retained by Litchford & Christopher to review the litigation fees in the case, the rates of the individual attorneys are "well within the customary and acceptable range - i.e., the market rates - of professional fees for attorneys in the Middle District of Florida, who litigate cases of the gravity and magnitude of the present one, in federal court, and possess their respective experience and skill levels."[27] The rates submitted were part of the actual bill that American Honda paid Litchford & Christopher.[28]

Based on the Court's own experience and familiarity with this type of litigation and with the prevailing hourly rates in the Middle District of Florida,[29] the Court concludes that the partner, associate and paralegal hourly rates charged by Litchford & Christopher to American Honda, as detailed in the billing records, are reasonable and appropriate. Accordingly, the hourly rates that the Court will use to calculate the award

---

[26] Litchford Aff. at ¶ 4.

[27] *Id*. at ¶ 13.

[28] *Id*. at ¶ 4.

[29] Litchford & Christopher's rates fall well below the average for attorney and paralegal rates in the Middle District of Florida. A rate ranging from $280-325 per hour for an attorney with more than 25 years experience is reasonable and consistent with prevailing market rates in this district. U.S. ex rel. Educational Career Development, Inc., 2007 WL 1601747 at *5. A rate ranging from $150 to $225 for associate attorneys and a rate ranging from $75 to $125 for paralegals were found to be reasonable for this district. Steffen v. Senterfitt, 2007 WL 1601750, *2-3 (M.D. Fla June 1, 2007).

of fees will be the rates specified above and charged by Litchford & Christopher to American Honda.

### Hours Reasonably Expended

The Court must next determine the reasonableness of the hours expended by American Honda's counsel. A fee applicant must set out the general subject mater of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity."[30] In ascertaining the number of reasonable hours, a court must deduct the "excessive redundant or otherwise unnecessary hours" from those claimed.[31]

In support of its motion, American Honda has submitted itemized billing records of the services performed, detailing that the partners expended 1092 hours, the associates expended 1700 hours and the paralegals expended 445.95 hours in litigating this action. The Court has reviewed the itemized billing records and finds the amount of time expended for these services in a complex case like this over a two-year period to be reasonable and necessarily incurred in prevailing in this case.

### Lodestar Amount

Multiplying the hours charged by the hourly rates specified for the partners and associates, as reflected on the billing statements, results in an attorney fee award of $485,691.00 and an award of $37,905.75 for paralegal fees, for a total award of fees in the sum of $523,596.75.

---

[30] Norman, 836 F.2d at 103.

[31] Id. at 1301.

The Court will then reduce the total by $13,841.00, an amount charged to American Honda "in connection with special case administration requirements that American Honda imposed." These fees were not uniquely or peculiarly connected to the instant case.[32] Accordingly, American Honda is entitled to a total award of fees in the sum of $509,755.75.[33]

### D. Expert Witness Fees, Travel Expenses, Westlaw Charges

In addition to attorney's fees, American Honda requests expert witness fees, travel expenses, and Westlaw charges incurred in defending against Defendants' claims. Rule 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As the Eleventh Circuit has noted, "that provision establishes a *presumption* that costs are to be awarded to a prevailing party."[34] Although the rule vests the Court with discretion of "great latitude,"[35] it does not bestow upon the Court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case ...

---

[32] LaPeer Aff. at ¶ 11n.

[33] This award is consistent with the opinion of American Honda's attorney fee expert, Russell LaPeer, who concluded that this sum represents the reasonable attorney's fees incurred in connection with the representation of American Honda in this case. (Doc. 127-2).

[34] Chapman v. AI Transport, 229 F. 3d 1012, 1038 (11th Cir. 2000) (*emphasis added*) ("[The presumption that costs are to be awarded to a prevailing party rests, in part, on the concept that] denial of costs is in the nature of a penalty for some defection on the prevailing party's part during the litigation").

[35] Loughan v. Firestone Tire & Rubber Company, 749 F. 2d 1519, 1526 (11th Cir. 1985).

[such discretion] should be sparingly exercised with reference to expenses not specifically allowed by statute."[36]

Section 501.2105(1) is silent as to whether expert witness fees, travel expenses, and Westlaw charges are included in the definition of costs as contemplated by the statute. Therefore, the Court must turn to Rule 54(d), and the case law addressing recoverable costs under the statute, for guidance in determining the costs that are recoverable to a prevailing party.

Ordinarily expert witness fees are taxed as costs.[37] The United States Supreme Court, however, has limited the costs for a prevailing party's expert witnesses to those authorized under 28 U.S.C. §1821 and 28 U.S.C. §1923.[38] Accordingly, American Honda is not entitled to an award of expert witness fees above and beyond the amount authorized by statute.[39] Because American Honda's experts were never deposed and never appeared to provide testimony American Honda is not entitled to any award for the costs of its expert witnesses.

---

[36] Daugherty v. The Westminster Schools, Inc., 174 F.R.D. 118, 123 (N.D. Ga. 1997) (*citing* Farmer v. Arabian Am. Oil Company, 379 U.S. 227, 235 (1964)).

[37] Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed. 2d 385; Travieso v. Travieso, 474 So. 2d 1184 (Fla. 1984).

[38] Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932) ("The Congress has dealt with the subject comprehensively, and has made no exception of the fees of expert witnesses."). 28 U.S.C.§ 1981 fixes the amount of fees to be paid to witnesses whose testimony was taken and used at trial, including mileage, travel expenses and $40 in *per diem*.

[39] Pursuant to Rule 54(d), "expert witness fees, above subsistence and travel will not be taxed against the losing party." Baum v. U.S., 432 F.2d 85, 86 (5th Cir. 1970).

As for travel expenses, they are not ordinarily taxed as costs.[40] Courts have recognized, however, that the taxing of attorney's travel expenses may be appropriate in extraordinary and compelling circumstances.[41] However, American Honda has not presented any extraordinary and compelling circumstances to justify the allowance of travel expenses as a cost. Accordingly, American Honda is not entitled to the award of travel expenses as costs.

Lastly, with regard to costs for computerized legal research, the Eleventh Circuit has not explicitly announced whether computerized legal research charges are recoverable as costs. Some courts have held that computerized legal research charges are recoverable[42] while other courts have held that computerized legal research charges are not recoverable because they are not listed under 28 U.S.C. 1920,[43] or because such charges constitute overhead,[44] or because such costs should be equated to billable attorney hours.[45]

In the instant case, the Court concludes that computerized research charges are recoverable as related costs because the use of computerized legal research databases is not only much more efficient than traditional methods of conducting legal research but

---

[40] George R. Hall, Inc. v. Superior Trucking, Co., Inc., 532 F. Supp. 985, 996 (N.D. Ga. 1982).

[41] *Id*.

[42] LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (*citing* United States ex rel. Evergreen Pipeline Constr. Co. v. Merrit Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)).

[43] Fressell v. AT&T Technologies, Inc., 103 F.R.D. 111 (N.D. Ga. 1984).

[44] Montgomery v. Aetna Plywood, Inc., 231 F.3d 399 (7th Cir. 2000), *cert. denied*, 532 U.S. 1038, 121 S.Ct. 2000, 149 L.Ed. 2d 1003 (2001).

[45] Friedlander v. Nims, 583 F. Supp. 1087 (N.D. Ga. 1984).

is necessary and within the standard of care for a qualified attorney practicing in federal court. Indeed, the failure to use computerized legal research may be a basis for a claim of malpractice in some instances. Accordingly, the Court concludes that American Honda is entitled to an award of costs in the sum of $6,534.09,[46] representing the charges incurred for using a computerized legal research database.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that American Honda's Motion For An Award of Reasonable Attorneys' Fees And Related Non-Taxable Expenses Against Defendants Motorcycle Information Network, Inc. And Gregory Schweighart (Doc. 122) should be **GRANTED** and a judgment should be entered in favor of American Honda Motor Co. and against Defendants, Motorcycle Information Network, Inc. and Gregory S. Schweighart, jointly and severally, in the total sum of **$516,289.84**, which represent $509,755.75 for fees and $6,534.09 for costs.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on September 17, 2007.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel
    Gregory Schweighart, *Pro Se*
    Motorcycle Information Network, Inc.

---

[46] Extrapolated from the computerized legal research billing records. Doc. 127, Exhibit F.